UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT BULAS,**

        **Plaintiff,**

   **v.**                       **Civil Action 2:22-cv-112**
                                        **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

**UNUM LIFE INSURANCE COMPANY
OF AMERICA,**

        **Defendant.**

**<u>OPINION AND ORDER</u>**

      Plaintiff, Robert Bulas, brings this action against Defendant, Unum Life Insurance

Company of America[1], to recover long-term disability benefits under a plan governed by the

Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). This matter is before

the Court on Plaintiff's Motion for Discovery (ECF No. 13). For the following reasons,

Plaintiff's Motion is **DENIED**.

---

[1] Plaintiff asserts that Unum "is the successor in interest to Provident Life and Accident
Insurance Company and is the insurer of the long-term disability benefits at issue" and "is,
therefore, the real party in interest with respect to these claims." (Compl. ¶ 2, ECF No. 1.)
Defendant, who has consistently referred to itself in this litigation as "Provident Life and
Accident Insurance Company . . . improperly styled as Unum Life Insurance Company of
America," asserts that Provident "is the entity that insures the disability benefits at issue and, as
such, is the real party in interest." (Ans. ¶ 2, ECF No. 3; Def.'s Mem. in Opp'n 1 n.1, ECF No.
19.) As this dispute is irrelevant to Plaintiff's Motion for Discovery, the Court will use
"Defendant" in this Opinion and Order to refer to Unum and Provident interchangeably.

# I.  BACKGROUND

Plaintiff was employed as a neuroradiologist performing both diagnostic imaging and interventional procedures. (Compl., ECF No. 1.) At some point, Plaintiff developed binocular horizonal diplopia, which causes the vision in his two eyes to be uncoordinated and allegedly prevents him from working as a neuroradiologist. Plaintiff made a claim in 2017 for long-term disability benefits under an ERISA-governed plan administered by Defendant. Defendant approved Plaintiff's claim and began paying long-term disability benefits to Plaintiff in 2017. On August 18, 2021, Defendant sent Plaintiff a letter notifying him that Defendant had decided to discontinue his disability benefits as of that date. (Termination Letter, ECF No. 19-2.) Plaintiff filed an administrative appeal, but Defendant upheld its decision to discontinue Plaintiff's benefits on January 3, 2022. (Appeal Decision Letter, ECF No. 1-3.) Defendant concluded that, although Plaintiff's diplopia rendered him unable to perform any interventional procedures, he could still perform diagnostic radiology, and Plaintiff therefore was not totally disabled under the plan. (*Id.*) Defendant reached this conclusion at least in part based on medical opinions it obtained during its appellate review. Plaintiff asserts, and Defendant does not dispute, that Defendant did not provide Plaintiff an opportunity to review or comment on those opinions before issuing its January 3, 2022 decision denying his appeal. (Compl. ¶ 15, ECF No. 1.)

Plaintiff commenced this lawsuit on January 13, 2022. (Compl., ECF No. 1.) Plaintiff's Complaint contains three counts: (I) Violation of ERISA (asserting that Defendants violated ERISA regulations requiring Defendant to provide Plaintiff with an opportunity to respond to the new medical opinions obtained by Defendant at the appellate level); (II) For a Clarification of Rights Under the Policy (seeking declaratory relief that, because Plaintiff undisputedly cannot perform interventional radiology work, Plaintiff is totally disabled under the Policy); and (III) For Long-Term Disability Benefits (seeking Court review under 29 U.S.C. § 1132 of

Defendant's decision to terminate his benefits and deny his appeal). (*Id.* ¶¶ 21–43.) Counts I and II are the subject of a pending Motion to Dismiss by Defendant and a pending Motion for Judgment on the Pleadings by Plaintiff, respectively. (*See* ECF Nos. 4, 8.) Plaintiff now moves for leave to conduct discovery outside the administrative record as to Count III. (Mot., ECF No. 13.)

## II.    STANDARDS GOVERNING DISCOVERY IN ERISA CASES

It is well-settled that "[w]hen reviewing a denial of benefits under ERISA, a court may consider only the evidence available to the administrator at the time the final decision was made." *McClain v. Eaton Corp. Disability Plan*, 740 F.3d 1059, 1064 (6th Cir. 2014) (citing *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 618 (6th Cir. 1998) and *Rowan v. Unum Life Ins. Co.,* 119 F.3d 433, 437 (6th Cir. 1997)). The "only exception" to this principal "arises when consideration of that evidence [outside the administrative record] is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 618. "An inherent conflict of interest exists when," as here, "a plan administrator serves the dual role of an ERISA plan administrator and payor of plan benefits." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 328 F.R.D. 485, 495 (S.D. Ohio 2018) (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 113 (2008)).

"That does not mean, however, that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 467 (6th Cir. 2009). Rather, the district court must exercise its discretion to delineate the proper scope of discovery when an ERISA plaintiff raises a procedural challenge to the administrator's decision. *Id.* ("District courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in

3

furtherance of a colorable procedural challenge under *Wilkins*."). A district court does not abuse its discretion by denying discovery when the plaintiff has offered no more than "a mere allegation of bias." *Collins v. Unum Life Ins. Co. of Am.*, 682 F. App'x 381, 389 (6th Cir. 2017); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006) ("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible"). Further, when discovery is permitted, the discovery "must be confined to the procedural challenge that warrants the discovery, and evidence outside the record may be considered only insofar as it relates to the procedural challenge." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan*, 328 F.R.D. 485, 495 (S.D. Ohio 2018) (citing *Moore*, 458 F.3d at 430).

Some courts within the Sixth Circuit have concluded that discovery outside the administrative record is never available when the plaintiff's claim for ERISA benefits is reviewed by the court *de novo* (as opposed to using the more deferential arbitrary and capricious standard, which is appropriate when the plan confers discretionary authority on the plan administrator), even if the Plaintiff alleges a due process violation or conflict of interest. *See*, *e.g.*, *Quarles v. Hartford Life & Accident Ins. Co.*, No. 3:15-CV-372-DJH-CHL, 2018 WL 523211, at *2 (W.D. Ky. Jan. 23, 2018) (collecting cases). However, other courts have noted that *Wilkins* makes no such distinction between *de novo* and arbitrary and capricious review, and therefore the availability of discovery does not turn on the standard of review. *See*, *e.g.*, *Jones v. Allen*, 933 F. Supp. 2d 1020, 1023 (S.D. Ohio 2013). The undersigned need not resolve this tension because, even if discovery is permitted only under the arbitrary and capricious standard of review, and even if the arbitrary and capricious standard applies to Plaintiff's claim for

4

benefits in this case, Plaintiff is nevertheless not entitled to discovery outside the administrative record for the reasons set forth below.

### III.    ANALYSIS

**A.    Plaintiff failed to comply with this Court's Local Rules.**

This Court's Local Rules prohibit the filing of discovery-related motions "unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1. Plaintiff contends he complied with this rule by sharing his intention with Defendant to file a motion to compel discovery, as acknowledged by both parties in their joint Rule 26(f) report (ECF No. 9). But Plaintiff's making known his intention to seek discovery merely *commenced* the process of using extrajudicial means to resolve the dispute; it did not *exhaust* those means as required by the Local Rules. Defendant further shared its willingness to consider and respond to any specific requests for discovery, notwithstanding its general opposition to discovery outside the administrative record, in the joint Rule 26(f) report. (*Id.*) But rather than accepting Defendant's offer and propounding discovery requests, after which the parties could have conferred and perhaps agreed on some limited discovery, Plaintiff proceeded to motion practice. For this reason alone, Plaintiff's motion should be denied. But even considering Plaintiff's arguments in support of discovery, the Court find them unpersuasive.

**B.    *Wilkins* remains good law.**

As a threshold matter, Plaintiff contends that *Wilkins*'s general prohibition on discovery outside the administrative record is no longer good law after the Supreme Court of the United States' decision in *United States v. Tsarnaev*, 142 S. Ct. 1024 (2022). *Tsarnaev* involved a rule created by the United States Court of Appeals for the First Circuit requiring district courts conducting jury trials in high-profile cases to ask prospective jurors during *voire dire* what they

had learned about the case from the media. The First Circuit purportedly created this *voire dire* rule in the exercise of its discretionary supervisory powers, not as a matter of constitutional law. *Id.* at 1033. Assuming without deciding that courts of appeals hold an inherent supervisory authority over lower courts, the Supreme Court noted that "supervisory rules cannot conflict with or circumvent a constitutional provision or federal statute. Nor can they conflict with or circumvent a Federal Rule." *Id.* at 1036 (citations omitted). Plaintiff contends that the Supreme Court's holding in *Tsarnaev* abrogates *Wilkins*'s restriction on ERISA-related discovery, which Plaintiff characterizes as a supervisory rule that conflicts with the scope of discovery set forth in Federal Rule of Civil Procedure 26(b).

The undersigned disagrees. *Wilkins* reflects a straightforward construction of the scope of discovery that flows from, rather than conflicts with, ERISA's statutory scheme and the Federal Rules of Civil Procedure. *See Wilkins*, 150 F.3d at 615 (citing *Perry v. Simplicity Eng'g, a Div. of Lukens Gen. Indus., Inc.*, 900 F.2d 963, 966 (6th Cir. 1990) (noting that permitting courts to "receive[ ] and consider[ ] evidence not presented to administrators" would result in district courts functioning "as substitute plan administrators," which is unsupported by ERISA's legislative history and "would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme"). Moreover, the touchstone of the scope of discovery under Rule 26(b) is relevance. Plaintiff fails to explain how any information outside the administrative record could be relevant to the typical ERISA case, in which a plaintiff asserts that a plan administrator reached an incorrect decision on the record before it. Thus, even absent the rule in *Wilkins*, most ERISA claims for denial of benefits under § 1132 would be decided on the administrative record alone under Rule 26(b). A logical exception would be when the plaintiff alleges some procedural defect in the administrator's decision, which would require additional

discovery into that procedural defect. But this exception is, of course, accounted for by *Wilkins*. *See* 150 F.3d at 618. *Wilkins* is therefore not implicated by the Supreme Court's holding in *Tsarnaev*.

**C.      Plaintiff is not entitled to discovery beyond the administrative record.**

Plaintiff contends that Defendant's decision to terminate his benefits was procedurally defective in two ways: (1) Defendant violated Plaintiff's right to due process when it failed to provide him with an opportunity to respond to the new medical opinions obtained by Defendant during its appellate review; and (2) Defendant was biased or had a conflict of interest in deciding Plaintiff's claim for benefits. As to the first, Plaintiff has alleged a due process violation arising out of Defendant's failure to provide him an opportunity to respond to the new medical opinions in Count I of his Complaint. (Compl. ¶¶ 21–30, ECF No. 1.) However, the facts related to that violation are not in dispute. Defendant does not contend that it provided Plaintiff with an opportunity to respond to the medical opinions; Defendant argues only that it was not required by ERISA's regulations or any other authorities to provide Plaintiff with that opportunity. (*See* Def.'s Mot. to Dismiss Pl.'s Count I, ECF No. 4.) Plaintiff himself characterizes this claim in his complaint as "a matter of law" and asserts in his Motion that he seeks discovery related only to Count III, not Count I. (Compl. ¶ 28, ECF No. 1; Pl.'s Mot. 2, ECF No. 13.) As a result, no discovery is necessary for the Court to decide whether a due process violation occurred and Plaintiff is not entitled to discovery related to this alleged violation. *See Jones*, 933 F. Supp. 2d at 1025 ("It appears that Plaintiffs are arguing a due process violation based on Defendants' failure to provide a reasoned denial within the time set forth in the Plans. However, there is no dispute of fact as to the timing of the denials. Discovery into timeliness or untimeliness of the claim denials is not warranted.")

As to Plaintiff's contentions of bias or conflict of interest, the Court is mindful of the Sixth Circuit's guidance that discovery outside the administrative record will generally be unavailable when the plaintiff has offered no more than "a mere allegation of bias." *Collins*, 682 F. App'x at 389. Here, Plaintiff's contentions of bias or conflict of interest go no further than mere allegations. First, Plaintiff argues that Defendant's alleged financial losses during the time period it evaluated Plaintiff's claim created a financial incentive to deny Plaintiff's benefits, which he alleges will approach $2 million over his lifetime. But this incentive is present any time a plan administrator is also the payor of plan benefits, regardless of the plan administrator's financial condition, and the Sixth Circuit has held that this fact alone does not warrant discovery outside the administrative record. *Johnson*, 324 F. App'x at 467. The undersigned is not persuaded by Plaintiff's cited out-of-Circuit opinion, which applied a more lenient standard and in which "[t]he parties agree[d] that some limited discovery is appropriate in this case because Defendant, as both administrator and payor of the Plan, had a structural conflict of interest." *See Smith v. Unum Life Ins. Co. of Am.*, No. CV-21-01858-PHX-DGC, 2022 WL 1136639, at *1 (D. Ariz. Apr. 18, 2022). No such agreement is present here.

Second, Plaintiff seeks discovery on the qualifications of, the compensation paid to, and the substantive opinions provided by the doctors who provided medical opinions at the appellate level. But Plaintiff bases this request on nothing more than speculation that the doctors in question may have had a financial incentive to not find him disabled. Discovery outside the administrative record is not permissible when the Plaintiff is merely "hoping that discovery will lead to the unearthing of some previously unknown conflict or procedural defect." *Baker v. Ohio Operating Eng'rs Pension Plan*, 312 F. Supp. 3d 674, 680 (S.D. Ohio 2018) (quoting *Alekna v. AT&T Serv., Inc.*, No. 5:17-CV-400, 2018 WL 1251767, at *3 (N.D. Ohio Mar. 12, 2018).

Third, Plaintiff contends that Defendant's failure to address *McCann v. UnumProvident*, 907 F.3d 130 (3rd Cir. 2018), which Plaintiff contends is "binding legal authority," is evidence of biased decision making. He seeks discovery as to whether Defendant consulted with legal counsel regarding *McCann* and why Defendant declined to address *McCann* when denying Plaintiff's appeal. However, the Third Circuit's decision in *McCann* is not "binding" on this Court. And although Plaintiff contends that *McCann* (which involved a similar factual situation and similar plan language) collaterally estops Defendant from terminating his benefits, this argument goes only to whether Defendant reached a correct decision. Mere disagreement over the application of a particular court opinion is insufficient to suggest that Defendant engaged in a biased decision-making process.

Fourth, Plaintiff argues he is entitled to discovery because Defendant "did not invoke any Policy language when it terminated his benefits." (Pl.'s Mot. 7–8, ECF No. 13.) Defendant disputes this contention, asserting that both the June 18, 2021 Termination Letter and the January 3, 2022 Appeal Decision Letter contain language tracking the Plan's definitions of Total Disability and Your Occupation. (Def.'s Mem. in Opp'n 11–12, ECF No. 19.) But regardless of whether Defendant invoked Policy language when terminating Plaintiff's benefits, this again goes only to the correctness of Defendant's decision and is not by itself evidence of bias. Plaintiff's request for discovery to determine "the extent to which [Defendant] has adopted a methodology to deny certain claims for reasons other than those permitted by the policy language" is based on nothing more than conjecture and must therefore be denied. *See Baker*, 312 F. Supp. 3d at 680.[2]

---

[2] Plaintiff asserts for the first time in his Reply brief that Defendant's termination of Plaintiff's benefits after it had earlier determined that Plaintiff was disabled is further evidence of bias or a financial conflict of interest. (Pl.'s Reply 7, ECF No. 21.) Because Plaintiff raises this argument

Finally, Plaintiff argues on reply that Defendant's discovery-related briefing has raised two additional topics where discovery is needed: (1) whether a 2002 document that Defendant contends confers discretion on it (such that the arbitrary and capricious standard of review applies to Plaintiff's claim for benefits) is part of the Policy that governs Plaintiff's claim, and (2) the identity of the proper defendant. (Pl.'s Reply 7, ECF No. 21.) It does not appear that the parties have exhausted extrajudicial means of resolving either of these disputes. Further, with regard to the second topic, Defendant made clear in numerous earlier filings that it believes Plaintiff has improperly styled the party name of Defendant and suggested in the joint Rule 26(f) report "that the parties draft a mutually acceptable stipulation to substitute the correct party in this case." (*See* ECF Nos. 3, 4, 5, 7, 9, 10.) Plaintiff's contention that he learned only during briefing on the subject motion that Unum may not be the proper defendant is not well taken.

In sum, because no factual disputes underly Plaintiff's procedural violation claim, because Plaintiff has offered no more than mere allegations of bias or conflict of interest, and because Plaintiff has failed to exhaust extrajudicial means of resolving the subject discovery disputes, Plaintiff is not entitled to any discovery outside the administrative record.

## IV.    DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Discovery (ECF No. 13) is **DENIED**. Defendant must serve a bates-numbered copy of the administrative record on Plaintiff's counsel on or before **June 5, 2022**.  Defendant must also file a copy of the administrative record on the docket **under seal** contemporaneously with its dispositive motion(s) on or before **August 5, 2022**.

---

for the first time on reply, and provides no more than one sentence in support, the Court will not address this argument. *See Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012) ("A reply brief is not the proper place to raise an issue for the first time.") (cleaned up).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE