## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERT BULAS,**

        **Plaintiff,**

    **v.**
                           **Civil Action 2:22-cv-112**
                           **Judge Sarah D. Morrison**
                           **Magistrate Judge Chelsey M. Vascura**

**UNUM LIFE INSURANCE COMPANY
OF AMERICA,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff, Robert Bulas, brings this action against Defendant, Unum Life Insurance Company of America,[1] to recover long-term disability benefits under a plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA"). On May 16, 2022, the undersigned denied Plaintiff's motion to conduct discovery outside the administrative record. (ECF No. 24.) That ruling was based on both (1) Plaintiff's failure to exhaust extrajudicial means of resolving the discovery dispute before filing a discovery-related motion as required by this Court's Local Rules, and (2) Plaintiff's failure to demonstrate that issues of due process or bias necessitated discovery. (*Id.*) Plaintiff now moves for reconsideration only of the former basis for denying his Motion for Discovery. (ECF No. 25.) For the following reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

---

[1] Whether Unum or Provident Life and Accident Insurance Company is the proper Defendant in this action is the subject of two pending motions (ECF Nos. 31–32), but is not relevant to this Opinion and Order.  Accordingly, the undersigned will refer to Unum and Provident interchangeably as "Defendant."

Federal Rule of Civil Procedure 54(b) "allows district courts to reconsider interlocutory orders and to reopen any part of a case before the entry of a final judgment." *Adkisson v. Jacobs Eng'g Grp., Inc.*, 35 F.4th 421 (6th Cir. 2022). However, "[m]otions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Doe v. Ohio State Univ.*, 323 F. Supp. 3d 962, 965 (S.D. Ohio 2018) (cleaned up). Typically, courts will reconsider previous interlocutory orders only "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). "This standard obviously vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 959 n.7.

Here, Plaintiff does not cite Rule 54(b) or any other authorities regarding the standard for reconsideration, and he identifies neither an intervening change of controlling law, nor newly-available evidence, nor a clear error or manifest injustice. Plaintiff merely argues, without authority, that Local Rule 37.1 should not apply to ERISA cases, because the question whether discovery outside the administrative record should be permitted at all makes ERISA cases different from the typical civil case where discovery is permitted as a matter of course.

Plaintiff's arguments lack merit. Local Rule 37.1 provides in pertinent part:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.

S.D. Ohio Civ. R. 37.1. Plaintiff's Motion for Discovery (ECF No. 13) sought guidance on the scope of permissible discovery outside the administrative record. The scope of discovery (even

2

in ERISA cases) is governed by Federal Rule of Civil Procedure 26(b)(1). Thus, Plaintiff's Motion for Discovery was undoubtedly a "motion[ ] . . . relating to discovery . . . filed in this Court under . . . Fed. R. Civ. P. 26," and therefore, Plaintiff was prohibited from filing his Motion for Discovery "unless the parties ha[d] first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1. Plaintiff does not dispute that he did not exhaust extrajudicial means of resolving the scope of allowable discovery prior to filing the Motion for Discovery. Further, Local Rule 37.1 applies to all civil cases, including those brought under ERISA. The undersigned therefore affirms her previous holding that Plaintiff violated Local Rule 37.1 when he filed his Motion for Discovery.

Plaintiff's arguments that parties in ERISA cases should be excused from the requirements of Local Rule 37.1 are unavailing. Plaintiff suggests that requiring ERISA plaintiffs to "first serve discovery requests on a defendant, the defendant [to] resist those discovery requests, and the parties [to] then confer before the issue can be presented to the Court for resolution" "make[s] little sense in [the ERISA] context" and that the Court should first determine whether discovery is permitted at all before requiring ERISA plaintiffs to draft discovery requests. (Pl.'s Mot. 3, ECF No. 25.) Yet the fundamental question of the scope of permissible discovery arises in ERISA and non-ERISA cases alike. Parties in non-ERISA cases frequently propound discovery requests that are later determined to fall outside Rule 26(b)'s scope, but it would be an absurd waste of litigants' and the Court's time and resources to require the Court to rule on the scope of permissible discovery at the outset of every civil case. Instead, the parties and the Court are best served by requiring exhaustion of extrajudicial means of resolving the scope of discovery prior to engaging in motion practice. Plaintiff has offered no

persuasive arguments for why a different result should pertain to ERISA cases raising the very same question as to the scope of discovery.

Plaintiff further suggests that future ERISA cases will raise the same argument as he did in his Motion for Discovery, that the rule in *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 618 (6th Cir. 1998) prohibiting discovery outside the administrative record in ERISA cases is no longer good law. Ruling on this purely legal issue, Plaintiff contends, should not have to wait for the meet and confer process required by Local Rule 37.1. Again, Plaintiff offers no authority for this point. Purely legal issues also impact the scope of discovery in non-ERISA cases, and yet no exception for purely legal issues is made in Local Rule 37.1. Moreover, if Plaintiff had propounded discovery requests on Defendant prior to filing his Motion for Discovery, it is possible that Defendant would have agreed to some limited discovery and therefore dispensed with the need for a ruling on the purely legal issue. (*See* Rule 26(f) Report 4, ECF No. 9) (reflecting Defendant's willingness to "consider and respond to any specific requests for discovery").

Finally, Plaintiff contends that filing his Motion for Discovery prior to exhausting extrajudicial means of resolving the dispute was permissible because the Motion was "consistent with this Court's order in another case, *Kramer v. American Electric Power Executive Severance Plan*, Case No. 2:21-cv-5501, and thus with what [Plaintiff] understood to be the Court's preferred means of raising the issue of discovery in ERISA cases." (Pl.s' Mot. 2, ECF No. 25.) But the very fact that the Court issued an order directing the parties to brief the issue in *Kramer* makes Plaintiff's Motion for Discovery in this case distinguishable, because there was no such order directing briefing in this case. Further, the order in *Kramer* was entered after the Court held a conference with the parties to discuss their positions on the scope of discovery, which also did

not occur in this case (*see Kramer* Preliminary Pretrial Order, ECF No. 18), and the *Kramer* defendant made it clear in the parties' 26(f) Report that, unlike Defendant in this case, it would oppose *any* discovery outside the administrative record. (*See Kramer* Rule 26(f) Report, ECF No. 15.) Plaintiff is advised to refrain in the future from disregarding this Court's local rules without direction from the Court to that effect.

In sum, Plaintiff has identified neither an intervening change of controlling law, nor newly-available evidence, nor a clear error or manifest injustice, as is required for reconsideration of an interlocutory order under Rule 54(b). Plaintiff's Motion for Reconsideration (ECF No. 25) is therefore **DENIED**.


**IT IS SO ORDERED.**


/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE