UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT BULAS, M.D.,**

      **Plaintiff,** :

v.

**Case No. 2:22-cv-112**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**UNUM LIFE INSURANCE COMPANY OF AMERICA,** :

      **Defendant.**

## OPINION AND ORDER

In 1994, Plaintiff Robert Bulas, M.D. obtained coverage under a long-term disability insurance policy issued by Provident Life and Accident Insurance Company (the "Policy"). (Compl., ECF No. 1, ¶ 6.) In 2017, he was determined to be Totally Disabled under the Policy and was approved for benefits. (*Id.*, ¶¶ 9–10.) Four years later, his benefits were cut off. (*Id.*, ¶ 11.) Dr. Bulas appealed, but was unsuccessful. (*Id.*, ¶¶ 12–14.) He now brings suit under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1132]. In Count I of his Complaint, Dr. Bulas alleges that he was improperly denied an opportunity to review and respond to new evidence before his appeal was denied. (*Id.*, ¶¶ 21–30.) In Count II, Dr. Bulas seeks a declaration that he is Totally Disabled within the meaning of the Policy. (*Id.*, ¶¶ 31–39.) And in Count III, Dr. Bulas alleges an entitlement to Total Disability benefits under the Policy. (*Id.*, ¶¶ 40–43.)

This matter is now before the Court on four motions: two pertaining to the proper party-defendant, and two attempting to finally resolve portions of the Complaint. The motions are addressed in turn below.

## I. PROPER PARTY-DEFENDANT

The parties disagree about the proper defendant to Mr. Bulas's claims. Although the Policy was issued by Provident, Dr. Bulas alleges that Unum Life Insurance Company of America is "successor in interest" to Provident—and so names Unum Life as Defendant. (*Id.*, ¶ 2.) But **Provident** responded to the Complaint, stating:

> For its Answer to the Complaint . . . , Provident Life and Accident Insurance Company, improperly styled as Unum Life Insurance Company of America, admits, denies, and avers as follows:

(Answer, ECF No. 3, 1 (defined terms omitted).) Provident further represented its intent to "seek a stipulated substitution of Provident as the named defendant because Provident, not Unum Life, issued the Policy and insured the disability benefits at issue in this lawsuit." (*Id.*, 1 n.1.) The parties exchanged discovery and engaged in discussions.

Dr. Bulas now agrees that "Provident is the proper defendant with respect to Counts II and III." (ECF No. 31, 2.) That is where any agreement ends.

Dr. Bulas argues that "Unum remains a proper party defendant" as to Count I, because "Unum . . . adjudicated [Dr. Bulas's] claim." (*Id.*) He leans on the heading of his appeal denial letter:

2

```
Unum
Worcester Benefits Center - Appeals Unit
PO BOX 9548
Portland, ME 04122-6058
Phone: ▮▮▮▮▮▮▮▮
Fax: ▮▮▮▮▮▮▮▮
www.unum.com
```
unum

January 3, 2022

(ECF No. 40, 2 (*citing* ECF No. 1-3, 1).) Unum Life and Provident counter that the body of the letter states that the appeal review was completed by Provident, and its footer references Unum Group (a "holding group" and Provident's corporate parent) and not Unum Life. (ECF No. 39, 3–4 (*citing* ECF No. 1-3, 1); *see also* ECF No. 43, 3.) Dr. Bulas does not address the existence or the importance of any distinction between Unum Life and Unum Group. Instead, he maintains that "it is not obvious that Provident administered [Dr.] Bulas's claim." (ECF No. 42, 2.)

Unum Life and Provident also offer two sworn declarations, which state:

- Provident and Unum Life are both subsidiaries of Unum Group (Fagan Decl., ECF No. 32-1, ¶ 2);

- Provident issued the Policy and remains the insurer of any Policy benefits (*id.*, ¶ 3; *see also* Langlois Decl., ECF No. 32-2, ¶ 3);

- Provident is the Policy's claims administrator (Langlois Decl., ¶ 4);

- Provident administered, paid, and made all decisions related to Dr. Bulas's claim for benefits under the Policy (*id.*); and

- Unum Life has nothing to do with the Policy (*id.*, ¶ 5).

Dr. Bulas finds reason to discount the declarations because neither declarant is employed by Provident. (ECF No. 40, 2.) Both are employed by Unum Group. (*See* Fagan Decl., ¶ 2; Langlois Decl., ¶ 2.)

True to form, the parties cannot agree on how to remedy the confusion. Dr. Bulas seeks leave to file a First Amended Complaint adding Provident as a party-defendant to Counts II and III. (ECF No. 31.) But Unum Life and Provident ask the Court to substitute Provident for Unum Life as the defendant in the original Complaint. (ECF No. 32.)

As noted above, Dr. Bulas now agrees that Provident is the proper party-defendant as to Counts II and III—but his proposed First Amended Complaint still names Unum Life in the pertinent paragraphs. (Proposed FAC, ECF No. 31-1, ¶¶ 37–40, 43–44.) The proposed FAC also includes changes that are unrelated to ensuring the proper party-defendant and unexplained by Dr. Bulas. (*Compare, e.g.*, Compl., ¶ 8 *with* Proposed FAC, ¶ 9.) Dr. Bulas asserts only that "a plaintiff is the master of his complaint." (ECF No. 40, 3.) Of course, he is correct—*but see, e.g.*, Fed. R. Civ. P. 15(a)(2)—but a plaintiff also has an interest in making sure that he 'gets the right guy.' Accordingly, Plaintiffs' Motion for Leave to File a First Amended Complaint (ECF No. 31) is **DENIED**. The Motion to Substitution (ECF No. 32) is **GRANTED** as to Counts II and III and **DENIED** as to Count I.

## II. DISPOSITIVE MOTIONS

Unum Life's Motion to Dismiss Count I (ECF No. 4) and Dr. Bulas's Motion for Judgment on the Pleadings on Count II (ECF No. 8) remain. All well-pleaded factual allegations are considered as true for purposes of these motions. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016); *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The following summary draws

from the allegations in the pleadings, the documents integral to and incorporated therein, and other documents subject to judicial notice.

### A. Background

Dr. Bulas participated in a benefit plan established and maintained by Professional Radiology, Inc. for the purpose of providing long-term disability benefits to its employees (the "Plan"). (Compl., ¶ 1.) Dr. Bulas applied for and obtained coverage under the Policy, which Provident issued pursuant to the Plan. (*Id.*, ¶ 6.) The Policy has been continually in force since 1994. (*Id.*)

For more than 20 years, Dr. Bulas practiced medicine as a neuroradiologist. (*Id.*, ¶ 5.) He alleges that he spent 75% of his time on diagnostic imaging, and the remaining 25% performing interventional procedures. (*Id.*) Dr. Bulas stopped practicing in April 2017, due to visual impairments. (*Id.*, ¶ 9.) Specifically, he suffers from binocular horizontal diplopia, a condition that impacts coordination of the eyes, and constant fluttering and spinning artifacts in his field of vision. (*Id.*, ¶¶ 7–8.) Dr. Bulas's resulting claim for long-term disability benefits under the Policy was approved. (*Id.*, ¶¶ 9–10.)

In August of 2021, Provident informed Dr. Bulas that it no longer considered him to be disabled and terminated his benefits. (*Id.*, ¶ 11.) Dr. Bulas appealed, but was denied. (*Id.*, ¶¶ 12–13.) Provident's appeal determination letter states:

> **Initial Claim Decision:**
>
> As outlined in the letter dated August 18, 2021, the Benefit Center advised review of updated medical records supported limitations in [Dr. Bulas's] ability to perform activities requiring fine vision and depth perception. The reviews completed concluded [Dr. Bulas] was able to perform visual tasks that do not require stereopsis (depth

5

perception), i.e. diagnostic radiology, based on the function of his left eye alone.

The vocational reviews completed indicated visual requirements for diagnostic radiology does not require depth perception although surgical interventional radiology would require depth perception. The Benefit Center advised based on review of CPT data, surgical/ interventional procedures accounted for 10% of pre-disability charges billed. They also advised [Dr. Bulas] would be able to perform diagnostic radiology without needing to perform surgical procedures.

Based on this, the Benefit Center determined [Dr. Bulas] was able to perform the material and substantial duties of a diagnostic radiologist which was the dominant portion of his pre-disability occupation and he was no longer eligible for Total Disability benefits. . . .

**Appeal Decision:**

The medical and file documentation reviewed supports restrictions and limitations resulting from [Dr. Bulas's] vision conditions that would preclude [him] from performing interventional procedures as a radiologist. However, the medical and file documentation review does not support [the Dr. Bulas] is unable to perform occupational duties associated with diagnostic radiology. Based on this, we have determined that [he] is not Totally Disabled.

(ECF No. 1-3, PAGEID # 41–42.)

The letter also identifies the information on which Provident based its conclusion—including vocational and medical opinions obtained "[a]s part of the appeal review." (*Id.*, PAGEID # 42.) Dr. Bulas was not afforded an opportunity to review or comment on those opinions before Provident decided his appeal. (Compl., ¶ 15.) After an unsuccessful objection to Provident's decision on those grounds, Dr. Bulas filed suit. (*Id.*, ¶¶ 16–20.)

6

### B. Motion to Dismiss Count I

Defendant[1] now moves to dismiss Count I of the Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) Rule 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere

---

[1] With respect to Count I, the Court refers to Unum Life and Provident, together and separately, as simply "Defendant."

7

conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

ERISA requires that appeals from adverse benefit determinations are subject to "full and fair review." ERISA § 503(2) [29 U.S.C. § 1133(2)]. The implementing regulation governing appeal procedures for plans providing disability benefits was amended in 2018 to provide:

> The claims procedures of a plan providing disability benefits will not, with respect to claims for such benefits, be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless . . . the claims procedures . . . [p]rovide that before the plan can issue an adverse benefit determination on review on a disability benefit claim, the plan administrator shall provide the claimant, free of charge, with any new or additional evidence considered, relied upon, or generated by the plan, insurer, or other person making the benefit determination (or at the direction of the plan, insurer or such other person) in connection with the claim; such evidence must be provided as soon as possible and sufficiently in advance of the date on which the notice of adverse benefit determination on review is required to be provided . . . to give the claimant a reasonable opportunity to respond prior to that date[.]

29 C.F.R. § 2560.503-1(h)(4) (2018). In Count I of his Complaint, Dr. Bulas alleges that Defendant violated this provision when it decided his appeal without allowing him an opportunity to review or respond to the expert opinions obtained during the course of the review. (*See* Compl., ¶ 29.)

Dr. Bulas now concedes that the 2018 amendment does not apply to his appeal, "due to the fortuity of timing." (ECF No. 15, 1.) But he maintains that the claim should survive. (*Id.*, *generally*.) The Court disagrees.

Dr. Bulas argues that, even before subsection (h)(4) was added, the claims procedures regulation required a plan administrator to provide claimants an

8

opportunity to review and respond to evidence generated in connection with an appeal before the appeal was decided. (*Id.*, 4.) He cites the 2002 regulation's general reiteration that a plan's appeal procedures must ensure "a full and fair review[.]" (*Id.*) *See also* 29 C.F.R. § 2560.503-1(h)(1) (2002). The Sixth Circuit has not directly addressed whether the 2002 regulation confers upon an ERISA claimant the right to receive expert reports generated during an administrative appeal—but, in 2010, the court described the proposition as "dubious in light of the holdings of two of our sister circuits." *Balmert v. Reliance Standard Life Ins. Co.*, 601 F.3d 497, 502–03 (6th Cir. 2010) (citing *Glazer v. Reliance Standard Life Ins. Co.*, 524 F.3d 1241, 1245 (11th Cir. 2008) (holding that a claimant has no right to documents generated during the pendency of an administrative review); *Metzger v. Unum Life Ins. Co. of Am.*, 476 F.3d 1161, 1165–68 (10th Cir. 2007) (same)). Since *Balmert* was decided, several more circuits have weighed in. The majority of circuit courts have now concluded that the 2002 regulation does not require an administrator to provide a claimant with copies of materials generated during an administrative appeal—including expert opinions. *See Mayer v. Ringler Assoc.*, 9 F.4th 78, 87 (2d Cir. 2021) (collecting cases and noting that circuit courts had "uniformly concluded" that the 2002 regulation did not require the claims administrator to produce documents developed or considered during the administrative appeal before rendering its final determination); *but see Jette v. United of Omaha Life Ins. Co.*, 18 F.4th 18, 27–32 (1st Cir. 2021) (reaching the opposite conclusion). This Court declines to "deviate

9

from the clear weight of circuit authority." *Zall v. Standard Ins. Co.*, 21-cv-19-slc, 2021 WL 6112638, at *7 (W.D. Wis. Dec. 27, 2021).

Even construing the allegations in the light most favorable to Dr. Bulas, Count I fails to state a claim upon which relief can be granted. Defendant's Motion to Dismiss Count I is **GRANTED**.

### C. Motion for Judgment on the Pleadings as to Count II

Finally, Dr. Bulas moves for judgment on Count II of his Complaint under Federal Rule of Civil Procedure 12(c). (ECF No. 8.) Rule 12(c) motions for judgment on the pleadings are subject to the same standard as Rule 12(b)(6) motions to dismiss. *See Tucker*, 539 F.3d at 549–50. *See also* § II.B., *supra*. A motion for judgment on the pleadings should be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Tucker*, 539 F.3d at 549 (internal quotation and citation omitted). Because Dr. Bulas makes this motion, "all well-pleaded material allegations" contained in Provident's Answer "must be taken as true." *Id.*

In Count II of his Complaint, Dr. Bulas seeks a declaration that he is Totally Disabled under the Policy. (Compl., ¶ 39.) The Policy provides:

> Total Disability or [T]otally [D]isabled means that due to Injuries or Sickness you are not able to perform the substantial and material duties of Your Occupation.
>
> \*\*\*
>
> Your Occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you become disabled. If your occupation is limited to a board certified specialty, we will deem your specialty to be Your Occupation.

10

(ECF No. 1-2, PAGIED # 18.)

Provident concedes that Dr. Bulas's "visual conditions would preclude him from performing occupational demands associated with depth perception/stereopsis which includes interventional radiology procedures." (ECF No. 1-3, PAGEID # 44.) Dr. Bulas argues that interventional radiology procedures were a "substantial and material duty" of his occupation as a neuroradiologist—and it follows that he is Totally Disabled. (ECF No. 8.) But the pleadings reveal multiple relevant facts in dispute. Among others, Provident denies that:

- Dr. Bulas practiced medicine as a neuroradiologist (Answer, ¶ 5);
- Dr. Bulas's weekly practice time was split 75% on diagnostic imaging and 25% on interventional procedures (*id*.); and
- Interventional radiology "has always been a substantial and material duty of Dr. Bulas's occupation" (*id*. at ¶ 35).

These disputes preclude judgment on the pleadings.[2] Dr. Bulas's Motion is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Dr. Bulas's Motion for Leave to File a First Amended Complaint (ECF No. 31) is **DENIED.**

---

[2] Dr. Bulas's invocation of collateral estoppel does not save his motion. At this stage of the proceedings, the Court is unable to determine whether the decision in *McCann v. Unum Provident*, 907 F.3d 130, 148–49 (3d Cir. 2018) (concluding, based on the record facts, that "Provident incorrectly defined Dr. McCann's occupation" as diagnostic radiologist when he was hired to be an interventional radiologist, board-certified in that specialty, and dedicated at least 20 hours per week to performing interventional procedures) addresses the "precise" issue here.

The Motion for Substitution (ECF No. 32) is **GRANTED in part** and **DENIED in part**. Accordingly, Provident will be substituted for Unum Life as to Counts II and III, but not as to Count I.

Defendant's Motion to Dismiss Count I (ECF No. 4) is **GRANTED**.

Dr. Bulas's Motion for Judgment on the Pleadings on Count II (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**